[No. D016046. Fourth Dist., Div. One. Mar. 5, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
SHELBY RICARDO SPRINGFIELD, Defendant and Appellant.

[No. D017806. Fourth Dist., Div. One. Mar. 5, 1993.]

In re SHELBY RICARDO SPRINGFIELD on Habeas Corpus.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II and III.

## Counsel

Dacia Burz, under appointment by the Court of Appeal, for Defendant and Appellant and Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons and Keith I. Motley, Assistant Attorneys General, and Bradley A. Weinreb, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

**TODD, J.**—A jury convicted Shelby Ricardo Springfield of one count of transportation of a controlled substance, to wit, cocaine base (Health & Saf. Code, § 11352), one count of possession of a controlled substance, to wit, cocaine base (Health & Saf. Code, § 11350, subd. (a)), and one count of evasion of a police officer with reckless driving (Veh. Code, § 2800.2). Additionally, Springfield, outside the presence of the jury, admitted a prior prison term allegation within the meaning of Penal Code section 667.5, subdivision (b). The trial court sentenced Springfield to a total term of five years, eight months, as follows: imposing the middle term of four years on the transportation count; staying the middle term of four years on the possession count pursuant to Penal Code section 654; imposing the middle

term of two years on the evading the police count, with one year, four months of that term stayed pursuant to Penal Code section 1170.1; and imposing a one-year enhancement for the prior prison term.

Springfield appeals, contending (1) the trial court should have instructed on the definitions of "willful" and "wanton" in connection with the Vehicle Code section 2800.2 count, (2) the trial court should have given instructions on Vehicle Code sections 2800.1 and 23103 as lesser-included offenses of Vehicle Code section 2800.2, (3) he was denied effective assistance of counsel when his counsel admitted his guilt to the Vehicle Code section 2800.2 count in closing argument and (4) there was insufficient evidence to support conviction on the transportation count. In a companion petition for writ of habeas corpus, Springfield reiterates his argument about ineffective assistance of counsel and submits his own declaration stating trial counsel acted against his wishes in conceding the Vehicle Code section 2800.2 count during closing argument.

FACTS

On August 8, 1991, about 2:30 p.m., Michael Dean, an undercover police officer, was in the vicinity of 30th and Webster in National City, a known area for drug transactions. Dean observed Springfield drive a vehicle to the curb on the 2900 block of Webster and saw several individuals approach the vehicle. After about 10 seconds, Springfield drove away. A few minutes later, Springfield returned in the vehicle and again the same individuals approached the vehicle for a brief conversation before Springfield drove away. This pattern of activity was repeated one more time. After Dean observed the second such occurrence, he ran a radio check on the vehicle's license number and learned the vehicle was registered to an employee of the Department of Corrections.

Dean, believing Springfield was (1) involved in drug transactions and (2) driving a stolen vehicle, began following Springfield. When Springfield turned the vehicle from Clay onto 29th Street, Dean approached the vehicle head on and turned on his emergency lights. Dean made eye contact with Springfield and, over the public address system, directed Springfield to pull over. Springfield backed up his vehicle, turned off 29th and proceeded down Clay. Dean pursued Springfield through the neighborhood and radioed for help from other officers.

Police Officer James Stewart, driving a marked police vehicle, turned on his lights and siren and took over the pursuit. Stewart eventually forced Springfield off the road by pulling in front of him and forcing the vehicle onto a sidewalk.

Stewart and other uniformed officers approached Springfield's vehicle with their guns drawn. Springfield ignored the order to open the door and exit the vehicle. As the officers continued to order him out of the vehicle, Springfield picked up a glass pipe and began to smoke cocaine. He also retrieved three or four pieces of cocaine from the passenger seat and placed them into his mouth. The vehicle doors were locked; finally, an officer kicked in the driver's side window, and Springfield was pulled out. The officers removed a piece of cocaine from Springfield's mouth and found additional pieces on the floorboard and on the passenger seat.

Dean estimated the pursuit, which involved four police cars, took five to seven minutes. Dean said Springfield ran between 12 and 15 stop signs, though he appeared to slow down each time to see if cross traffic was coming. Dean opined Springfield was not driving at a safe speed.

Springfield testified he purchased the cocaine from what he called a drive-through to celebrate his birthday and immediately began to smoke the cocaine as he drove away. He was in the area looking for a female friend.

Springfield denied seeing Dean's flashing lights and testified when he saw Dean's vehicle approach, he believed Dean was "putting down a move" because the area was unsafe. When he saw Stewart, Springfield testified he realized he would be going to jail because being in the area was a violation of his parole. His initial reaction was to keep driving and delay his arrest. Springfield maintained he, as well as the officers following him, drove at the speed limit. He said the vehicles were driving in circles around the blocks, and neighborhood people were standing in front of their houses as if they were watching a parade. Springfield denied running stop signs. Springfield also denied driving his vehicle onto a sidewalk; he said he pulled into a service station driveway to avoid Stewart's vehicle.

## DISCUSSION

### I

In connection with the Vehicle Code section 2800.2 count, Springfield raises two assignments of error: (1) the trial court erred by not sua sponte instructing the jury on the definitions of "willful" and "wanton"; and (2) the trial court erred by not sua sponte instructing on lesser included offenses. We agree there was inadequate instruction[2] with respect to this count; accordingly, we modify the conviction on this count to a conviction of Vehicle Code section 2800.1.

[2]The sole instruction given to the jury on the Vehicle Code section 2800.2 count was as follows: "Any person who, while operating a motor vehicle and with the intent to evade,

Vehicle Code section 2800.1 reads:

"Any person who, while operating a motor vehicle and with the intent to evade, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, is guilty of a misdemeanor if all of the following conditions exist:

"(a) The peace officer's motor vehicle is exhibiting at least one lighted red lamp visible from the front and the person either sees or reasonably should have seen the lamp.

"(b) The peace officer's motor vehicle is sounding a siren as may be reasonably necessary.

"(c) The peace officer's motor vehicle is distinctively marked.

"(d) The peace officer's motor vehicle is operated by a peace officer, as defined in Chapter 4.5 (commencing with Section 830) of Title 3 of Part 2 of the Penal Code, and that peace officer is wearing a distinctive uniform."

Vehicle Code section 2800.2 reads:

"If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, by imprisonment in the county jail for not more than one year, or by a fine of not less than one hundred seventy dollars ($170) not more than two thousand dollars ($2,000), or by both that fine and imprisonment."

■■■ A crime is a lesser included offense of a greater offense if the lesser offense is necessarily committed every time the greater offense is committed. Facially, it could not be more clear that Vehicle Code section 2800.1 is

---

willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle, and who operates said vehicle in a willful or wanton disregard for the safety of persons or property is guilty of a crime.

"In order to prove such crime each of the following elements must be proved: [¶] 1. The peace officer's moter vehicle exhibited at least one lighted red lamp visible from the front and the defendant either saw or reasonably should have seen the lamp. [¶] 2. The peace officer's motor vehicle was sounding a siren. [¶] 3. The peace officer's motor vehicle was distinctively marked. [¶] 4. The peace officer's motor vehicle was operated by a peace officer. [¶] 5. The defendant willfully fled or otherwise attempted to elude the pursuing peace officer's motor vehicle. [¶] 6. The defendant had the specific intent to flee or otherwise attempt to evade the pursuing officer's motor vehicle. [¶] 7. The defendant drove his motor vehicle in a willful or wanton disregard for the safety of persons or property."

a lesser included offense of Vehicle Code section 2800.2. The only distinction between the two crimes is that in committing the greater offense the defendant drives the pursued vehicle "in a willful or wanton disregard for the safety of persons or property." (Veh. Code, § 2800.2.)

■ In criminal cases, a trial court, even in the absence of a request, must instruct the jury on the general principles of law relevant to the issues raised by the evidence. (*People* v. *St. Martin* (1970) 1 Cal.3d 524, 531 [83 Cal.Rptr. 166, 463 P.2d 390].) "That obligation has been held to include giving instructions on lesser-included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation] but not when there is no evidence that the offense was less than that charged. [Citations.]" (*People* v. *Sedeno* (1974) 10 Cal.3d 703, 715 [112 Cal.Rptr. 1, 518 P.2d 913], overruled on another ground in *People* v. *Flannel* (1979) 25 Cal.3d 668, 684, fn. 12 [160 Cal.Rptr. 84, 603 P.2d 1].) "[T]he trial court has a sua sponte obligation to give instructions on necessarily included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present and there is evidence that would justify a conviction of such a lesser offense . . . ." (*People* v. *Bunyard* (1988) 45 Cal.3d 1189, 1232 [249 Cal.Rptr. 71, 756 P.2d 795].) In making the determination whether to instruct on a lesser included offense, the "trial court should not . . . measure the substantiality of the evidence by undertaking to weigh the credibility of the witnesses, a task exclusively relegated to the jury." (*People* v. *Flannel, supra,* 25 Cal.3d at p. 684.) " ' "The fact that the evidence may not be of a character to inspire belief does not authorize the refusal of an instruction based thereon." ' " (*Ibid.,* quoting *People* v. *Carmen* (1951) 36 Cal.2d 768, 773 [228 P.2d 281].) As an obvious corollary, if the evidence is minimal and insubstantial the court need not instruct on its effects. (*Ibid., People* v. *Kaurish* (1990) 52 Cal.3d 648, 696 [276 Cal.Rptr. 788, 802 P.2d 278].) The obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given. (*People* v. *Sedeno, supra,* 10 Cal.3d at p. 716.) "The fulfillment of this obligation ensures that the jury will consider the full range of possible verdicts—not limited by the strategy, ignorance, or mistakes of the parties." (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 324 [185 Cal.Rptr. 436, 650 P.2d 311].)

■ Here, there was conflicting evidence concerning the manner Springfield drove the pursued vehicle. While there was substantial evidence to support a finding, based on the officers' testimony, that Springfield drove with a willful and wanton disregard for the safety of other persons and

property, there was also evidence, based largely on Springfield's testimony, that he did not drive in such a manner. Springfield testified he stopped at stop signs and did not exceed the speed limit. He also denied he drove onto a sidewalk, claiming it was actually the driveway of a service station. If the jury were to believe Springfield's testimony, the jury could have concluded Springfield did not drive in a willful and wanton disregard for the safety of other persons and property. We conclude the evidence here would have justified a conviction on the lesser included offense of Vehicle Code section 2800.1 as well as Vehicle Code section 2800.2. ▮▮▮▮ Therefore, the evidence called for the giving of an instruction on Vehicle Code section 2800.1 as a lesser included offense. (*People* v. *Wickersham, supra*, 32 Cal.3d at pp. 323-325.)[3] The proper remedy in a case such as this is to reverse the conviction and give the People an opportunity to retry the defendant on this charge. (*People* v. *Edwards* (1985) 39 Cal.3d 107, 118 [216 Cal.Rptr.397, 702 P.2d 555].)

In light of the prejudicial error in failing to properly instruct the jury on Vehicle Code section 2800.1 as a lesser included offense, it becomes unnecessary to discuss Springfield's contention the trial court was in dereliction of its sua sponte duty to instruct on the requisite standard of conduct for Vehicle Code section 2800.2—driving in a willful or wanton disregard for the safety of persons or property—and defining the terms willful and wanton.

## II, III*

.  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .  .

## DISPOSITION

The conviction of the Vehicle Code section 2800.2 count is reversed with directions as follows: If the People do not bring Springfield to trial within 60

[3]Springfield also argues the trial court erred in not instructing on reckless driving (Veh. Code, § 23103) as a lesser included offense of Vehicle Code section 2800.2. He is wrong. Assuming arguendo that reckless driving is a lesser included offense of Vehicle Code section 2800.2, Springfield is incorrect in assigning error to the failure to instruct on reckless driving.

Springfield admitted he knowingly attempted to elude officer Stewart's vehicle to delay his arrest; his only defense to this count was he did not drive with a willful or wanton disregard for the safety of other persons and property. "[T]he trial court need not, even if requested, instruct the jury on the existence and definition of a lesser and included offense if the evidence was such that the defendant, if guilty at all, was guilty of something beyond the lesser offense." (*People* v. *Romero* (1975) 48 Cal.App.3d 752, 758 [121 Cal.Rptr. 800].)

*See footnote, *ante*, page 1674.

days after the filing of the remittitur in the trial court, the trial court shall proceed as if the remittitur constituted a modification of the judgment to reflect a conviction of Vehicle Code section 2800.1, a misdemeanor, and resentence Springfield accordingly. In all other aspects, the judgment is affirmed.

Kremer, P. J., and Nares, J., concurred.

A petition for a rehearing was denied March 30, 1993.