Filed 8/26/13  P. v. Diaz CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSCAR DIAZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B245667<br>(Super. Ct. No. 2012026372)<br>(Ventura County) |

Oscar Diaz was convicted by jury of evading an officer with willful disregard (Veh. Code, § 2800.2, subd. (a)) and hit-and-run driving (Veh. Code, § 20002, subd. (a).)  In a bifurcated proceeding, appellant admitted a prior strike conviction (Pen. Code, §§ 667, subds. (c)(1) & (e)(1); 1170.12, subds. (a)(1) & (c)(1)) and admitted serving two prior prison terms (§ 667.5, subd. (b)).  The trial court sentenced him to eight years state prison.  Appellant appeals on the ground that the trial court erred in not sua sponte instructing on the defense of necessity.  We affirm.

*Facts and Procedural History*

On July 19, 2012, at 3:00 in the afternoon, Oxnard Police Officer Matthew Ross was on patrol and saw appellant driving a blue Honda on Ventura Road near Doris Avenue with an inoperable signal light.   Officer Ross activated his emergency lights to make a traffic top.  Appellant appeared to be angry and led Officer Ross on a two to three mile car chase.

Appellant turned down a residential street, accelerated rapidly, and drove 25 to 60 miles per hour in a residential area that had a posted speed limit of 25 miles per hour. Appellant ran a stop sign, turned right onto Ventura Road, and drove past gas stations, fast food restaurants, and pedestrians. At the intersection of Ventura Road and Gonzales Road, appellant drove through a gas station and went westbound on Gonzales Road, accelerating up to 50 or 60 miles per hour.

Turning left onto Gallatin Place, appellant drove 40 to 50 miles per hour through a residential area as Officer Ross chased him with his siren and emergency lights activated. At the intersection of Ivywood Drive and Ventura Road, appellant ran a red light and hit a Chevy Malibu. Appellant sped off, making unsafe lane changes and forcing vehicles off the road. At the intersection of Ventura Road and Wooley Road, appellant cut off four vehicles and almost hit a large utility truck carrying propane or air tanks. Driving eastbound on Wooley Road, appellant lost control of the Honda and hit a pole as he turned into an alley.

Officer Robert Valenzuela assisted Officer Ross in the chase and testified that K-9 Officer Scott Coe joined the pursuit, half-way through the car chase When appellant hit the pole, Officer Ross ordered him out of the Honda. Upon questioning after receiving and waiving his constitutional rights, and *Mirandized* him (*Miranda v. Arizona* (1996) 384 U.S. 436 [16 L.Ed.2d 694]) appellant said that he fled because "he did not want to get a ticket."

At trial, appellant said that he fled because he saw Officer Coe, not Officer Ross, when he was first signaled to pull over. Appellant claimed that Office Coe harassed him ten months earlier when he stopped appellant for an equipment violation. Appellant feared that Officer Coe would try to harass him again with his police dog. "[F]rom what I heard from my friends, I thought my life was in danger, so I didn't want to stop until I knew there was a safe place to stop at where there was a lot of pedestrians just in case he . . put the dog on me or anything." Appellant said that he tried to drive to a gas station where pedestrians and bystanders could witness the traffic stop.

2

Appellant denied driving at an excessive rate of speed or "lane splitting," denied hitting another car, denied that he ran a red light, and denied that he cut off a utility truck. Appellant denied that he drove recklessly or endangered other motorists and said that he was searching for a safe place to stop. In closing argument, appellant's trial attorney told the jury "[i]f you consider Mr. Diaz's testimony and you believe that Mr. Diaz[] was afraid of Officer Coe and was trying to get to a place where people would have cell phones and could take a picture if Officer Coe put his dog on him, then he's not guilty today."

## Defense of Necessity

Appellant argues that the trial court erred in not sua sponte instructing on the defense of necessity. (CALCRIM 3043.) A trial court has a sua sponte duty to instruct on a defense " '*only if it appears that the defendant is relying on such a defense*, or if there is substantial evidence supportive of such a defense *and* the defense is not inconsistent with the defendant's theory of the case. ' [Citation.]" (*People v. Breverman* (1998) 19 Cal.4th 142, 157, italics added.)

Appellant did not rely on the defense of necessity or request that the jury be so instructed. Appellant's trial attorney told the jury that "there's no intent to violate the law" and appellant was merely trying "to get to a safe harbor." "[I]f Mr. Diaz['s] driving and continuing to drive with police officers following him, if his intention was to get away from the police, it's a criminal act. If his intention was to get to a safe harbor or a safe place, it's not a criminal act. It's that simple." Appellant cites no reported case that intent "to get to a safe harbor or a safe place" is the defense of necessity.

Under *People v. Breverman, supra,* 19 Cal.4th at page 157, the trial court had no sua sponte duty to instruct on the defense unless there was substantial evidence to support the defense and it was consistent with appellant's theory of the case. Substantial evidence is evidence that a reasonable jury could find persuasive. (*People v. Lewis* (2001) 25 Cal.4th 610, 645.) "To justify an instruction on the defense of necessity, there must be evidence sufficient to establish that defendant violated the law (1) to prevent a significant and imminent evil, (2) with no adequate alternative, (3) without creating a

3

greater danger than one avoided, (4) with a good faith belief in the necessity to prevent the greater harm, (5) with such belief being objectively reasonable, and (6) under circumstances in which he did not substantially contribute to the emergency. [Citations.]" (*People v. Pepper* (1996) 41 Cal.App.4th 1029, 1035.)

Viewing the evidence in the light most favorable to appellant, there is no evidence that appellant engaged the police in a car chase to prevent a significant and imminent evil. The traffic stop was for an inoperable signal light and initiated by Officer Ross, not Officer Coe. It was Officer Ross who made the traffic stop, read appellant his *Miranda* rights, and took appellant's statement. Appellant said that he fled because he did not want a ticket.

Appellant's reliance on *People v. Springfield* (1993) 13 Cal.App.4th 1674 is misplaced. There, the defendant was convicted of transportation of a controlled substance (Health & Saf. Code, § 11352), possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)), and evasion of a police officer with reckless driving (Veh. Code, § 2800.2). The trial court failed to instruct on Vehicle Code section 2800.1 (willfully fleeing pursuing peace officer's motor vehicle) as a lesser included offense even though defendant testified that he did not drive in willful and wanton disregard for the safety of persons or property. (*Id.*, at p. 1681.) Here, the jury was instructed on the lesser included offense of misdemeanor evading a peace officer (Veh. Code, § 2800.1, subd. (a)). (CALCRIM 2182.)

There is no substantial evidence that appellant initiated the car chase to prevent a significant and imminent evil, that he had no adequate alternative, or that he had a good faith, objective belief that the criminal act was necessary to prevent the greater harm, i.e., possible harassment by Officer Coe. (*People v. Pepper, supra,* 41 Cal.App.4th at p. 1035.) Unlike *People v. Lemus* (1988) 203 Cal.App.3d 470 where the defendant was tried for attempted murder and testified that the victim tried to stab him, there was no testimony Officer Coe threatened appellant or attempted to injure appellant before the car chase. (*Id.*, at p. 476-477.)

" '[T]here must be a showing of imminence of peril before the defense of necessity is applicable. A defendant is 'not entitled to a claim of duress or necessity unless and until he demonstrates that, given the imminence of the threat, violation of [the law] was the only reasonable alternative.' [Citation.] The uniform requirement of California authority discussing the necessity defense is that the situation presented to the defendant be of an emergency nature, that there be threatened physical harm, and that there was no legal alternative course of action available.' [Citations.]" (*People v. Galambos* (2002) 104 Cal.App.4th 1147, 1162-1163.)

Appellant claimed that he was simply trying to find a safe place to stop. That is not the defense of necessity. Appellant led Officer Ross on a two mile chase, speeding past gas stations, fast food restaurants, businesses, and crowded pedestrian areas -- the very "safe haven" that appellant claimed would protect him from police harassment. "Under any definition of [the necessity defense] one principle remains constant: if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm,' the defense[] will fail. [Citation.]" " (*United States v. Bailey* (1980) 444 U.S. 394, 411 [62 L.Ed.2d 575, 591].)

Assuming, arguendo, that the trial court erred in not instructing on the defense of necessity, the error was harmless under any standard of review (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 710] [harmless beyond a reasonable doubt]; *People v. Watson* (1956) 46 Cal.2d 818, 836. [harmless error], *People v. Breverman, supra,* 19 Cal.4th at p. 149 [overruling *People v. Sedeno* (1974) 10 Cal.3d 703 reversible per se standard].) It is uncontroverted that appellant refused to pull over and instigated a police chase in which he drove recklessly through residential and business areas, ran a red light and hit a car, performed dangerous lane changes, cut off motorists, nearly hit a large utility truck carrying hazardous materials, and endangered the lives of motorists, pedestrians, and officers. Appellant told Officer Ross it was all to avoid a traffic ticket. It was highly incriminating and refuted appellant's later claim that he was afraid of Officer Coe and trying to find a safe place to stop. But for the failure to

5

instruct on the defense of necessity, there is no reasonably likelihood that appellant would have received a more favorable result. (*People v. Breverman, supra,* 19 Cal.4th at p. 178.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

6

Ryan J. Wright, Judge

Superior Court County of Ventura

_____

Miriam R. Arichea, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Susan Sllivan Pithey, Supervising Deputy Attorney General, for Plaintiff and Respondent.