Filed 1/12/21  P. v. Montes CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E072270 |
| v. | (Super.Ct.No. SWF1807586) |
| ALEXANDER MONTES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Elden S. Fox and Kelly L. Hansen, Judges.[*]  Affirmed.

Steven A. Brody, under appointment by the Court of Appeal, for Defendant and Appellant.

---

[*]  Judge Fox is a retired judge of the Los Angeles Superior Court assigned by the Chief Justice.  (Art. VI, § 6 of the Cal. Const.)

1

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Kathryn Kirschbaum and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant, Alexander Montes, guilty of evading a police officer while driving recklessly.  (Veh. Code, § 2800.2, count 1.)[1]  Defendant thereafter admitted suffering a prior prison term (Pen. Code, § 667.5. subd. (b)) in return for the trial court's dismissal of a second prior prison term allegation.  The court sentenced defendant to an aggregate term of imprisonment of three years.

On appeal, defendant contends the trial court erred in denying his request that it instruct the jury with failure to yield as a lesser included offense and in failing to sua sponte instruct the jury with reckless driving as a lesser included offense.  We affirm.

## I.  FACTUAL BACKGROUND

An officer testified he was parked on the side of the road monitoring the speed of approaching traffic in his "fully marked black-and-white Ford Explorer," with "CHP decals on the driver's side door and passenger door," "overhead lights," and "lights on the sideview mirrors."  He observed a "light-colored sedan," driven by defendant, approaching the rear of his vehicle at 84 miles an hour, on a road with a posted speed limit of 50 miles an hour.

---

[1]  All further statutory references are to the Vehicle Code unless otherwise indicated.

2

The officer accelerated to 120 miles an hour in order to catch up with defendant. He activated his forward radar to obtain a second reading of defendant's vehicle's speed; it reflected defendant was traveling at 110 miles an hour. When the officer came within 500 to 600 feet of defendant's vehicle, he activated the patrol car's lights and sirens, which, in turn, activated the video recording camera on the front of his vehicle. The People played the video for the jury, which was later admitted into evidence.[2]

Defendant used a turn lane, without turning, in order to pass slower traffic. He weaved in and out of traffic. Twice, defendant braked abruptly for short intervals, bringing the officer's vehicle within a car's length behind defendant's. The officer then used his vehicle's public address system to tell the driver to stop and pull over. Defendant drove on the right, dirt shoulder and made an illegal U-turn from the right shoulder. The slowing of defendant's vehicle, after the U-turn, provided the officer the opportunity to conduct "a pit maneuver" against defendant's vehicle; the officer conducted the maneuver in order to stop defendant's vehicle, out of concern for other drivers' safety.[3]

As the officer approached defendant and placed him in handcuffs, defendant yelled expletives at him; defendant asked the officer, "why the hell did [the officer] ram the vehicle, because [defendant] had the legal right to stop when [defendant] wanted."

---

[2] The video was variously described as "distorted," "poorly," and "admittedly . . . not the highest quality."

[3] The officer testified he passed between 20 and 30 other drivers while engaged in the pursuit.

The officer testified defendant had committed a number of Vehicle Code violations, while passing a number of places where he could have pulled over. The total distance of the pursuit was almost three miles and lasted around two minutes and 40 seconds.

## II. DISCUSSION

### A. *Failure to Yield.*

Defendant contends the trial court erred in denying defense counsel's request that it instruct with failure to yield as a necessarily lesser included offense of evading an officer while driving recklessly. We disagree.

Prior to trial, defense counsel noted, "I provided the Court with a[n] instruction on failure to yield." The trial court responded, "I'll take a look at it after I hear the evidence." After trial, citing *People v. Diaz* (2005) 125 Cal.App.4th 1484, defense counsel again requested instruction on failure to yield as a lesser included offense. The court denied the request reasoning, "I'm not inclined to give [failure to yield] as a quote necessar[il]y lesser-included because I don't find that it is. [¶] I read the commentary as it relates to the charge of [reckless driving], and this offense, meaning the misdemeanor offense, is the only necessary lesser offense that the Court will be required to give." The court instructed the jury with a modified version of CALJIC No. 12.85 on felony evading a police officer while driving recklessly with the lesser included offense of misdemeanor evading a peace officer.

"""It is settled that in criminal cases, even in the absence of a request, the trial court must instruct on the general principles of law relevant to the issues raised by the evidence. [Citations.] The general principles of law governing the case are those

4

principles closely and openly connected with the facts before the court, and which are necessary for the jury's understanding of the case." [Citation.] That obligation has been held to include giving instructions on lesser included offenses when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged.'" (*People v. Breverman* (1998) 19 Cal.4th 142, 154.)

"Speculation is insufficient to require the giving of an instruction on a lesser included offense." (*People v. Mendoza* (2000) 24 Cal.4th 130, 174.) "[T]he existence of '*any* evidence, no matter how weak' will not justify instructions on a lesser included offense, but such instructions are required whenever evidence that the defendant is guilty only of the lesser offense is 'substantial enough to merit consideration' by the jury. [Citations.] 'Substantial evidence' in this context is '"evidence from which a jury composed of reasonable [persons] could . . . conclude[]"' that the lesser offense, but not the greater, was committed." (*People v. Breverman*, *supra*, 19 Cal.4th at p. 162.) "[A] lesser included instruction need not be given when there is no evidence that the offense is less than that charged." (*People v. Mendoza*, at p. 174.)

"To establish a violation of Vehicle Code section 2800.2, subdivision (a) [felony evading], the prosecution [is] required to prove that while driving a vehicle in a willful or wanton disregard for the safety of persons or property, the appellants fled or attempted to elude a police officer pursuing in a vehicle. [Citations.] ""Wantonness includes the elements of consciousness of one's conduct, intent to do or omit the act in question, realization of the probable injury to another, and reckless disregard of consequences.'

5

[Citation.] . . . The word 'willful' in this connection means 'intentional' [citations]. The intention here referred to relates to the disregard of safety, etc., not merely to the act done in disregard thereof.'" [Citation.] Vehicle Code section 2800.2, subdivision (b) further provides that 'a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under [Vehicle Code] Section 12810 occur, or damage to property occurs.'" (*People v. Weddington* (2016) 246 Cal.App.4th 468, 486.)

Proof of failure to yield requires that "[u]pon the immediate approach of an authorized emergency vehicle, which is sounding a siren and which has at least one lighted lamp exhibiting [a] red light that is visible, under normal atmospheric conditions, from a distance of 1,000 feet to the front of the vehicle, the surrounding traffic shall, except as otherwise directed by a traffic officer, do the following: [¶] (a)(1) Except as required under paragraph (2), the driver of every other vehicle shall yield the right-of-way and shall immediately drive to the right-hand edge or curb of the highway, clear of any intersection, and thereupon shall stop and remain stopped until the authorized emergency vehicle has passed." (§ 21806, subd. (a)(1).)

Several cases have noted in dicta that failure to yield is a lesser included offense of felony evading. (*People v. Lopez* (1998) 19 Cal.4th 282, 288 [Parties agreed that failure to yield was a lesser included offense of felony evading.]; *People v. Springfield* (1993) 13 Cal.App.4th 1674, 1679-1680 ["Facially, it could not be more clear that Vehicle Code section 2800.1 is a lesser included offense of Vehicle Code section 2800.2."]; *People v.*

6

*Diaz* (2005) 125 Cal.App.4th 1484, 1490 ["Obviously, a motorist cannot flee from a pursuing peace officer's vehicle without also failing to pull over to the curb and stop for it."].)

Assuming arguendo that failure to yield is a necessarily lesser included offense of felony evading, we hold that insufficient evidence supported giving the instruction in this case. The officer testified that he activated the lights and sirens of his fully marked patrol vehicle once he was within 500 to 600 feet of defendant's vehicle. Defendant continued to drive erratically, weaving in and out of traffic, driving on the dirt shoulder of the road, using the turn lane to pass slower traffic, and making an illegal U-Turn. Twice, defendant braked abruptly, such that the officer's vehicle was within a car's length of defendant's vehicle. The officer used his public address system to tell defendant to pull over; however, defendant continued to fail to pull over. No jury composed of reasonable persons could conclude that defendant merely failed to yield without intending to evade the officer.

Contrary to defendant's assertion, the officer did not testify that defendant said he was "looking for a safe place to pull over." That was part of defense counsel's question to the officer, which the officer did not adopt in his answer; instead, the officer responded that defendant said "he had a legal right to stop whenever he wanted." (*People v. Silveria and Travis* (2020) 10 Cal.5th 195, 270 ["'[S]tatements made by the attorneys during the trial are not evidence.'"].) That statement did not undermine the intent to evade element of the greater offense because it did not reflect that defendant intended to stop, because defendant did not have the right to stop whenever he wanted, and because defendant

7

passed numerous places where he could have safely pulled over. Indeed, defendant's exclamation that he could stop whenever he wanted supports the intent to evade element because it demonstrates that he knew the officer was attempting to pull him over, but he declined to voluntarily do so. For the same reasons discussed *ante*, any failure to instruct on failure to yield was harmless because it is not reasonably probable defendant would have obtained a more favorable outcome had the trial court given the instruction. (*People v. Moye* (2009) 47 Cal.4th 537, 541 [failure to instruct on lesser included offense subject to harmless error analysis under the *Watson*[4] standard].)

### B. Reckless Driving.

Defendant also contends the trial court erred in failing to sua sponte instruct the jury on reckless driving as a lesser included offense of felony evading. We disagree.

Section 23103, subdivision (a), defines "reckless driving" as "driv[ing] a vehicle upon a highway in willful or wanton disregard for the safety of persons or property." "To establish a violation of Vehicle Code section 2800.2, subdivision (a), the prosecution was required to prove that while driving a vehicle in a willful or wanton disregard for the safety of persons or property, the appellants fled or attempted to elude a police officer pursuing in a vehicle." (*People v. Weddington*, *supra*, 246 Cal.App.4th at p. 486.)

Assuming arguendo, that reckless driving is a necessarily, lesser included offense of felony evading, we hold that insufficient evidence supported giving the instruction. Again, the evidence is simply not amenable to a determination by a jury composed of

---

[4] *People v. Watson* (1956) 46 Cal.2d 818.

reasonable persons that defendant was simply driving recklessly but not attempting to evade a police officer. The officer testified that he activated the lights and sirens of his fully marked patrol vehicle once he was within 500 to 600 feet of defendant's vehicle. Defendant continued to drive erratically, weaving in and out of traffic, driving on the dirt shoulder of the road, using the turn lane to pass slower traffic, and making an illegal U-turn. Twice, defendant braked abruptly, such that the officer's vehicle was within a car's length of defendant's vehicle. The officer used his public address system to tell defendant to pull over; however, defendant continued to fail to yield. Defendant told the officer "he had a legal right to stop whenever he wanted"; thus, reflecting that he knew the officer was pursuing him. Therefore, insufficient evidence supported giving the instruction. For the same reasons, any failure to instruct on reckless driving was harmless because it is not reasonably probable defendant would have obtained a more favorable outcome had the trial court given the instruction. (*People v. Moye*, *supra*, 47 Cal.4th at p. 541.)

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                            J.

We concur:

RAMIREZ
            P. J.

MILLER
            J.

9