[No. B221424. Second Dist., Div. Six. Mar. 29, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MARTIN VARELA, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION†]**

---

†Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for partial publication. The portions of this opinion to be deleted from publication are identified as those portions between double brackets, e.g., [[/]].

COUNSEL

Laurie Buchan Serafino, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

GILBERT, P. J.—A two-wheeled device with a motor and a seat for a driver is called a "pocket bike." While riding a pocket bike, defendant Martin Varela evaded a police officer who was attempting to stop him.

■ A jury convicted Martin Varela of felony evading a peace officer while driving a motor vehicle. (Veh. Code, § 2800.2.)[1] Varela contends a pocket bike is not a motor vehicle. We conclude it is a motor vehicle, and the trial court properly instructed the jury. We recalculate conduct credits pursuant to an amendment to Penal Code section 4019. As amended, we affirm.

FACTS

On March 9, 2009, Santa Maria Police Officer Nathan Totorica was on patrol in a marked police car. He saw Varela driving a pocket bike at the intersection of Lincoln and Tunnell Streets. The pocket bike did not appear to be registered, and Varela was not wearing a helmet.

Totorica turned on the red overhead lights on his patrol car and attempted to stop Varela. Varela refused to stop. He traveled east on Tunnell Street, south on Lincoln Street and into an alley. Totorica followed him and turned on his full rotor lights, hit his horn and turned on his siren. Varela still refused to stop. As he fled, he failed to stop at stop signs, failed to signal before turning, and drove on the wrong side of the road and on the sidewalk. Totorica called for assistance and five other police units responded. Eventually, Varela abandoned the pocket bike for a bicycle and was then arrested. Varela admitted that he knew the pocket bike was not "street legal" and that he was driving on a suspended license.

---

[1] All statutory references are to the Vehicle Code unless stated otherwise.

## DISCUSSION

## I

Varela contends the pocket bike is not a motor vehicle within the meaning of section 2800.2.

■ Subject to certain conditions section 2800.1, subdivision (a), makes it a misdemeanor for any person who, while operating a motor vehicle, willfully flees or otherwise attempts to elude a pursuing peace officer's motor vehicle.

Section 2800.2, subdivision (a) provides in part: "If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison . . . ."

Section 670 provides: "A 'vehicle' is a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks."

■ Section 415 defines a " 'motor vehicle' [a]s a vehicle that is self-propelled." Under the broad definition of "motor vehicle" it is not required that the vehicle be legally self-propelled on a highway. (*Lambert v. Southern Counties Gas Co.* (1959) 52 Cal.2d 347, 351 [340 P.2d 608].)

Section 473 defines a " 'pocket bike' [a]s a two-wheeled motorized device that has a seat or saddle for the use of the rider, and that is not designed or manufactured for highway use."

A pocket bike comes squarely within the definition of a motor vehicle. To hold otherwise would require that we ignore the plain meaning of sections 415 and 670.

Varela argues that legislative history refers to a pocket bike as a "device" and not a vehicle. (Citing Sen. Transportation and Housing Com., Analysis of Assem. Bill No. 1051 (2005–2006 Reg. Sess.) as amended June 1, 2005; Sen. Rules Com., Off. of Sen. Floor Analyses, 3d reading analysis of Assem. Bill No. 1051 (2005–2006 Reg. Sess.) as amended June 13, 2005.) But we are compelled by statute to conclude that a pocket bike is a type of device that comes within the definition of a motor vehicle. There is nothing inconsistent about referring to a motor vehicle as a device.

■ Nor did the trial court err in instructing the jury that a pocket bike is a motor vehicle. Because a pocket bike falls squarely within the statutory definition of a motor vehicle, it is a motor vehicle as a matter of law.

## II

Varela argues the trial court erred by refusing to give a unanimity instruction.

Section 2800.2, subdivision (b) provides: "For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs."

Varela points out the prosecutor told the jury Varela committed at least three and upwards of nine 1-point violations. He claims the jury must unanimously agree on which violations are the predicate offenses.

■ The unanimity instruction is required where there is a single count charged, but the evidence shows the defendant committed multiple crimes that could qualify for a conviction under that count. (See *People v. Russo* (2001) 25 Cal.4th 1124, 1134–1135 [108 Cal.Rptr.2d 436, 25 P.3d 641].) No such instruction is required, however, merely because the jury may be divided on the exact way the defendant may be guilty of the charged count. (*Ibid.*) Here the evidence shows but a single violation of section 2800.2. No unanimity instruction is required simply because the jury may not have agreed on the predicate violations.

*People v. Mitchell* (1986) 188 Cal.App.3d 216 [232 Cal.Rptr. 438], is instructive. There the defendant was charged with a violation of section 23153, subdivision (a). The subdivision makes it a felony to drive under the influence of alcohol while doing "any act forbidden by law" which proximately causes bodily injury to another person. (*Ibid.*) The prosecution alleged two "act[s] forbidden by law." The court rejected the defendant's argument that a unanimity instruction was required. The court stated the alleged acts were "alternate ways of proving a necessary element of the same drunk driving charge." (*People v. Mitchell, supra,* at p. 222.) Similarly, here no unanimity instruction was required because the predicate violations were simply alternate ways of proving a necessary element of the charged offense.

[[/]]*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

As amended for conduct credits, the judgment is affirmed.

Yegan, J., and Perren, J., concurred.

On April 25, 2011, the opinion was modified to read as printed above.

---

*See footnote, *ante*, page 1216.