Filed 12/17/14  P. v. Abalos CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064449 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD245873) |
| VLADIMIR ABALOS, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Robert F. O'Neill, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Tami S. Falkenstein-Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Vladimir Abalos of evading a peace officer with reckless driving and resisting, delaying or obstructing a peace officer in the performance of his duties. He appeals, contending the trial court erred by failing to instruct the jury (1) with a unanimity instruction on the charge of evading a peace officer with reckless driving, (2) on the lesser included offenses of evasion of a peace officer and reckless driving, and (3) on the defense of mistake of fact. We reject these arguments and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2013, San Diego Police Officer Daniel Stanley observed Abalos driving a gold Honda. Abalos jerked the wheel and pulled to the side of the road without using his signal. Officer Stanley initiated a traffic stop by activating his lights and pulling behind Abalos's vehicle. At that point, Abalos pulled back into traffic and sped off.

Officer Stanley followed Abalos at a speed of 50 miles per hour in a 15-mile-per-hour zone. Abalos drove through two red lights as Officer Stanley followed him. A police helicopter unit joined the pursuit, allowing Officer Stanley to keep his distance.

Officers Rodolphe Sainte-Agathe and Mario Perez joined the pursuit in their patrol car. Officer Sainte-Agathe saw Abalos commit numerous traffic violations. Abalos ran approximately five or six red lights and three to five stop signs. Abalos was also speeding, making sharp turns, and failed to use his signal before turning.

2

Just before Abalos entered a cul-de-sac, a front tire of his car exploded and Abalos came to a stop. Abalos did not follow officers' commands to show his hands. Officer Perez deployed his taser on Abalos and the officers pulled him out of the car. Officers also pulled Abalos's passenger, Kaitlin McQuaid, out of the car. Officers directed Abalos to stop resisting and restrained him on the ground. The pursuit lasted approximately 20 minutes and covered 13 miles.

Detective Gary Lawrence interviewed McQuaid on the night of the incident. McQuaid told the detective that when she asked Abalos why he was not stopping for officers, he stated it was because he was thirsty. Abalos did not tell McQuaid that he was fleeing because he was scared.

McQuaid testified that she was a passenger in Abalos's car. She noticed a police car's lights activated behind them and heard chirping from the car's siren. According to McQuaid, the police car approached Abalos's car in a "very aggressive manner." Abalos told McQuaid he was scared and thirsty. Abalos continued to drive despite being surrounded by police cars and a helicopter overhead. During this time, Abalos mentioned to McQuaid that he previously had an incident with an officer in the area who made a threatening statement to him.

Abalos testified on his own behalf. He stated police had previously threatened him and he did not stop for officers on the day at issue in this case because he believed his life was in danger. Abalos testified he wanted to get to a well-lit area before stopping his vehicle. He also stated that he did not obey traffic

3

signals and signs because he feared for his life. He believed if he stopped his car before the helicopter got there, he would have been killed.

DISCUSSION

I. *Unanimity Instruction*

Abalos argues the trial court erred by failing to give a unanimity instruction on the charge of evading a police officer with reckless driving. Specifically, he asserts a unanimity instruction was required because the jury was required to agree on which three of multiple traffic violations constituted a willful or wanton disregard for the safety of persons or property. We disagree.

Vehicle Code section 2800.2, subdivision (a), elevates the offense of evasion of a peace officer to a felony where the defendant flees or evades an officer by driving a vehicle "in a willful or wanton disregard for the safety of persons or property. . . ." (Undesignated statutory references are to the Vehicle Code.) Subdivision (b) of section 2800.2 defines willful or wanton disregard as including, but not limited to, "driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs."

"The unanimity instruction is required where there is a single count charged, but the evidence shows the defendant committed multiple crimes that could qualify for a conviction under that count. [Citation.] No such instruction is required, however, merely because the jury may be divided on the exact way the

4

defendant may be guilty of the charged count. [Citation.]" (*People v. Varela* (2011) 193 Cal.App.4th 1216, 1220 (*Varela*) [finding a unanimity instruction is not required in a prosecution for reckless evasion of a peace officer under section 2800.2 because the jury was not required to agree on the predicate traffic violations]; *People v. Datt* (2010) 185 Cal.App.4th 942, 949-951 (*Datt*) [finding the jury was not required to unanimously agree on which traffic violations supported the "willful or wanton" element of evading].)

Abalos does not challenge officers' testimony that he committed three or more traffic violations. Instead, he asserts that because different officers testified as to different observations of the alleged violations, the jury must have unanimously agreed on which three violations constituted the predicate offenses under section 2800.2, subdivision (b).

As in *Varela* and *Datt*, we conclude a unanimity instruction was not required in this case. (*Varela*, *supra*, 193 Cal.App.4th at p. 1220; *Datt*, *supra*, 185 Cal.App.4th at pp. 949-951.) "While there was evidence of various factual bases for a jury finding that defendant's flight from pursuit was done in 'willful or wanton disregard for the safety of persons or property,' jury unanimity is not required 'as to the exact way the defendant is guilty of a single discrete crime.'" (*Datt*, at p. 950.) "The different Vehicle Code violations upon which the 'willful or wanton' element could have been premised were simply 'alternate ways of proving' that element, not separate chargeable offenses of reckless evading."

5

(*Ibid*.) Accordingly, we reject Abalos's argument that a unanimity instruction was required on the charge of reckless evasion of a peace officer.

II. *Lesser Included Offense Instructions*

Abalos argues the trial court erred in failing to instruct the jury on the lesser included offenses of evasion of a peace officer (section 2800.1) and reckless driving (section 23103). We reject his arguments.

"Even without a request, a trial court must instruct on general principles of law that are closely connected to the facts before the court and that are necessary for the jury's understanding of the case. [Citation.] It must instruct sua sponte on a lesser included offense where there is evidence that, if believed by the trier of fact, would absolve the defendant of the greater offense, but not of the lesser. [Citation.] This obligation extends to all theories of a lesser included offense that find substantial support in the evidence. [Citation.] However, the court need not instruct on a lesser offense when there is no evidence the offense was less than that charged." (*People v. Szadziewicz* (2008) 161 Cal.App.4th 823, 833; accord, *People v. Avila* (2009) 46 Cal.4th 680, 704-705 (*Avila*).) On appeal, we independently review whether the trial court properly declined to instruct on a lesser included offense. (*Avila*, at p. 705; *People v. Cole* (2004) 33 Cal.4th 1158, 1215.)

A. Evasion of a Peace Officer (Section 2800.1)

Evasion of a peace officer under section 2800.1 is a lesser included offense of felony evasion of a peace officer under section 2800.2. (*People v. Springfield*

6

(1993) 13 Cal.App.4th 1674, 1680-1681 (*Springfield*).) "The only distinction between the two crimes is that in committing the greater offense the defendant drives the pursued vehicle 'in a willful or wanton disregard for the safety of persons or property.'" (*Id.* at p. 1681.) The People concede this point but assert that the trial court was not required to instruct on the lesser offense because there was no evidence that Abalos's offense was anything less than felony evasion. We agree.

As we previously explained, the "willful or wanton" element of section 2800.2 is satisfied where the People prove defendant committed three or more traffic violations or caused property damage. (*Ante*, part I.) Multiple officers in this case testified that Abalos committed numerous traffic violations, including speeding, disregarding traffic signs and running red lights. Further, Abalos did not deny committing the traffic violations. Instead, he testified that he did not obey traffic signals and signs because he feared for his life. Abalos's counsel also conceded the traffic violations in his closing argument.

Despite this evidence, Abalos asserts the jury could have convicted him of the lesser offense under section 2800.1. To support his argument, he relies on *Springfield*, *supra*, 13 Cal.App.4th at p. 1681, in which the court reversed defendant's section 2800.2 conviction because the trial court failed to instruct the jury on the lesser offense under section 2800.1. In that case, however, "there was conflicting evidence concerning the manner [defendant] drove the pursued vehicle. While there was substantial evidence to support a finding, based on the officers'

7

testimony, that [defendant] drove with a willful and wanton disregard for the safety of other persons and property, there was also evidence, based largely on [defendant's] testimony, that he did not drive in such a manner." (*Springfield*, at pp. 1680-1681.)

Unlike *Springfield*, *supra*, 13 Cal.App.4th at pp. 1681-1682, there was no evidence in this case that the offense Abalos committed was less than the offense charged. Abalos did not contradict the officers' testimony regarding his traffic violations. Instead, he admitted the violations. Where, as here, there is no evidence the offense was less than that charged, the trial court was not required to provide a lesser included offense instruction. (*People v. Szadziewicz*, *supra*, 161 Cal.App.4th at p. 833; accord, *Avila*, *supra*, 46 Cal.4th at pp. 704-705.)

B. Reckless Driving (Section 23103)

The crime of reckless driving occurs when a person "drives a vehicle upon a highway in willful or wanton disregard for the safety of persons or property." (§ 23103, subd. (a).) For purposes of this crime, the "willful or wanton disregard" element requires knowledge one's actions present a substantial and unjustifiable risk of harm and intentional ignorance of that risk. (*People v. Schumacher* (1961) 194 Cal.App.2d 335, 338-340; *People v. McNutt* (1940) 40 Cal.App.2d Supp. 835, 837-838; CALCRIM No. 2200.) Neither negligent nor grossly negligent conduct is sufficient to satisfy this requirement. (*People v. Allison* (1951) 101 Cal.App.2d Supp. 932, 935.) Violation of a statutory duty is also not sufficient to satisfy this requirement. (*People v. Young* (1942) 20 Cal.2d 832, 837-838.)

8

In contrast, for purposes of the crime of reckless evading under section 2800.2, "willful or wanton disregard for the safety of persons or property" may include "driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs." (§ 2800.2, subd. (b).)  Thus, the willful or wanton disregard element of the crime of reckless evading, unlike the crime reckless driving, may be satisfied by negligent or grossly negligent conduct, or by violations of a statutory duty. Accordingly, a person can commit the crime of reckless evading without necessarily committing the crime of reckless driving and the trial court did not err in failing to instruct on reckless driving as a lesser included offense.

### III.  *Mistake of Fact Instruction*

Abalos argues the trial court erred by failing to sua sponte instruct the jury on the defense of mistake of fact on the felony evasion of a peace officer charge. Specifically, he asserts the trial court should have provided the instruction because he had a good faith belief that the officer would physically injure him if he stopped.  We reject Abalos's argument.

A trial court has a sua sponte duty to instruct on a defense if it is supported by substantial evidence.  (*People v. Montoya* (1994) 7 Cal.4th 1027, 1047; *People v. Shelmire* (2005) 130 Cal.App.4th 1044, 1054.)  The duty to instruct does not arise if there is any evidence, no matter how weak, to support the defense; rather, the evidence must be sufficient to deserve consideration by the jury.  (*People v.*

9

*Williams* (1992) 4 Cal.4th 354, 361.) The trial court should give the instruction if the defendant is relying on the defense or if it is not inconsistent with the defendant's theory of the case. (*People v. Dominguez* (2006) 39 Cal.4th 1141, 1148; *People v. Montoya*, at p. 1047.)

Here, Abalos did not rely on the defense of mistake of fact. Instead, he asserted defenses of duress and necessity to the charge of felony evasion of peace officer. Further, defense counsel specifically informed the court that "mistake of fact [did] not apply in this particular case" and agreed when the court stated it would not instruct the jury with CALCRIM No. 3406 regarding mistake of fact.

Moreover, the evidence did not support a mistake of fact defense. The officers testified that Abalos drove recklessly while evading them for 20 minutes over 13 miles. Although McQuaid testified that Abalos said he was scared, she told Detective Lawrence immediately after the incident that Abalos evaded officers because he was thirsty. Abalos testified that he did not stop because he was scared. This evidence was not sufficient to require a mistake of fact instruction.

"As a general matter . . . a mistake of fact defense is not available unless the mistake disproves an element of the offense." (*In re Jennings* (2004) 34 Cal.4th 254, 277.) Abalos asserts his mistake was his belief that officers would harm him. While this may support a defense of necessity, it does not support a defense of mistake of fact because the mistake of fact under which Abalos was allegedly

10

operating did not negate the specific intent to evade officers.  Accordingly, the trial court did not err by failing to instruct the jury on mistake of fact.

## DISPOSITION

The judgment is affirmed.


McINTYRE, J.

WE CONCUR:

McCONNELL, P. J.

AARON, J.