IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40921-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CLAUDE L. MERRITT, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Claude Merritt appeals his offender score calculation and sentencing for the second time. He argues the trial court improperly found that two out-of-state convictions were comparable to Washington offenses. The State concedes that one California conviction is not comparable to a Washington offense but argues we should affirm the trial court's offender score by examining a different California conviction. We grant the State's request to address the different California conviction.

Of the three out-of-state convictions that we are asked to examine, we conclude that only the different California conviction is comparable to a Washington offense. We remand again for resentencing.

FACTS

A jury convicted Claude Merritt of first degree murder and other lesser offenses. During sentencing, the trial court concluded that Merritt's prior California conviction for taking a vehicle without the owner's consent was comparable to a Washington offense, bringing his offender score to 1. The trial court sentenced him to 333 months, the top of the standard range.

*First appeal*

Merritt sought review, and we affirmed the felony murder conviction and vacated the other convictions. *State v. Merritt*, No. 38763-1-III, slip op. at 36 (Wash. Ct. App. Nov. 28, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/387631_unp.pdf. We also held that the California offense was not legally comparable to Washington's taking a motor vehicle without permission because Washington statutes define "motor vehicle" more narrowly than the California statutes define "vehicle." *Id.* at 16. We noted the record was insufficient to determine if the California offense was factually comparable because the State provided only a certified docket showing the conviction and Merritt's no-contest plea. *Id.* at 17. As a result, we remanded the case and directed the court to conduct a factual comparability analysis. *Id.* We noted that "the parties must

2

be given the opportunity to present all relevant evidence of criminal history, including

criminal history not previously presented." *Id.* at 17-18 (citing RCW 9.94A.530(2)).

On remand, the State introduced the California complaint and the associated

affidavit of probable cause to support its argument that the conviction was factually

comparable to a Washington offense. The information alleged that Merritt did "willfully

and unlawfully drive or take a certain vehicle, . . . without the consent of and with intent

to deprive the said owner of title to or possession of said vehicle." Clerk's Papers (CP) at

245 (capitalization omitted). The affidavit of probable cause asserted that Merritt was

seen driving the vehicle, a records check revealed the vehicle was reported stolen, and

there was a shaved key in the ignition.

The State also argued that two other out-of-state convictions should be included in

Merritt's offender score. One was a California conviction for buying or receiving a

stolen vehicle under California Penal Code § 496d(a), which the State contended was

factually comparable to Washington's possession of a stolen vehicle. To support its

argument, the State submitted the complaint, the associated affidavit of probable cause,

and evidence that Merritt entered a no-contest plea to the charge. The complaint alleged

that Merritt did "willfully and unlawfully buy or receive a motor vehicle, . . . which had

been stolen or obtained in any manner constituting theft or extortion, knowing that

3

property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing,

selling or withholding said vehicle, knowing the property to be stolen." CP at 261-62.

The affidavit report asserted that Merritt was found in a stolen "vehicle." CP at 263.

The State introduced a second new out-of-state conviction, an Illinois conviction

for burglary under 720 Ill. Comp. Stat. 5/19-1(a). The State argued that this conviction

was legally comparable to Washington's second degree burglary statute. The State

introduced the charging information, the probable cause arrest report, and evidence that

Merritt pleaded guilty to the offense. The information alleged that Merritt "knowingly

and without authority entered a building of Danville Gardens, . . . with the intent to

commit therein a theft." CP at 277. The probable cause arrest report asserted that three

suspects, including Merritt, were caught on the business's surveillance video when they

entered through the business's door by cutting the polycarbonate panel on the door and

unlocking the door. The suspects took a gas can with gas in it, a laptop, and a keyboard.

Merritt's defense counsel, who did not represent Merritt at the original sentencing

hearing, submitted a sentencing memorandum on remand. When Merritt's counsel

considered if the California conviction for taking a vehicle without the owner's consent

was factually comparable with Washington's taking a motor vehicle without permission,

counsel believed that the affidavit of probable cause proved the offenses were factually

4

comparable. However, Merritt's counsel argued that the California conviction for buying or receiving a stolen vehicle was not legally or factually comparable. Lastly, Merritt's counsel argued that the Illinois burglary conviction was not legally comparable but conceded that if the court considered the factual question, the State had proved the two were factually comparable based on the affidavit. Defense counsel conceded that Merritt's offender score was 2.

*Resentencing hearing*

At the resentencing hearing, the trial court referenced our instruction in *Merritt* to conduct a factual comparability analysis and noted:

> [W]e were directed by Division III to take a look at the actual probable cause affidavit.
> The State has since acquired those and it does believe—and it does look like reading from the probable cause affidavit that Mr. Merritt was, in fact, in possession of a motor vehicle or a car, which would make it comparable to a Washington taking a motor vehicle second.
> And as far as the Illinois burglary charge, while there are some statutory differences as far as the . . . predicate crime that needed to be committed[,] . . . if you look at either just the comparable legal standard, or more importantly, the factual standard, it does appear that is factually, and potentially legally comparable, most importantly, to a Washington burg II. So that'll count.

Rep. of Proc. (Dec. 13, 2024) (RP) at 22.

After the trial court heard argument about the comparability of the California buying or receiving a stolen vehicle conviction, the court determined that it was not

5

legally or factually comparable. The court determined the two were not factually comparable because the State relied on the affidavit of probable cause to prove factual comparability that stated only that Merritt was found in a stolen "vehicle." CP at 263. The court noted that "vehicle" was insufficient to determine Merritt possessed a stolen "motor vehicle" under Washington statutes. RP at 27.

The court found that Merritt's offender score was 2. Based on his offender score, the court resentenced Merritt to 347 months of confinement, the top of the standard range.

Merritt appeals to this court for the second time.

ANALYSIS

OFFENDER SCORE CALCULATIONS

Merritt argues the trial court erred by including the California conviction for unlawfully taking a vehicle and the Illinois burglary conviction in his offender score because neither is comparable to Washington crimes.

"We review a sentencing court's calculation of an offender score de novo." *State v. Roberts*, 5 Wn.3d 222, 242, 572 P.3d 1191 (2025). A defendant may challenge an erroneous sentence for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008).

6

Before we address the merits of the appeal, we first need to resolve a preliminary

matter. Merritt acknowledges his second sentencing attorney conceded that the two out-

of-state convictions were factually comparable to Washington convictions but argues that

he did not waive the comparability of a foreign offense error.

Normally, a defendant waives their right to appeal "where the alleged error

involves an agreement to facts, later disputed." *In re Pers. Restraint of Goodwin*, 146

Wn.2d 861, 874, 50 P.3d 618 (2002). However, the Washington Supreme Court has

distinguished between a stipulation based on erroneous facts or court discretion and one

involving a stipulation or agreement to a sentence that legally exceeds the statutory

authority of the sentencing court. *Id.* at 875. In the latter case, a defendant cannot waive

the legal effect of prior convictions because they cannot agree to a sentence that exceeds

what is statutorily authorized. *Id.* at 875-76. To invoke the waiver analysis in *Goodwin*,

a defendant must show on appeal that the sentencing court committed an arguable factual

or legal error by including their prior out-of-state convictions in their offender score.

*State v. Ross*, 152 Wn.2d 220, 232, 95 P.3d 1225 (2004).

Based on the above, we may review the offender score Merritt's counsel conceded

for three reasons. First, during resentencing, the trial court engaged in its own

comparability analysis although Merritt's counsel conceded that two out-of-state

convictions were comparable and should be included in his offender score, which means

Merritt can show the trial court committed an arguable legal error. Second, Merritt's

counsel conceded a legal conclusion, not a factual one. And third, offender score

calculations are not a discretionary trial court function. Therefore, we turn to the merits

of Merritt's appeal.

> *A. Foundational rules*

Prior out-of-state convictions can be included in an offender score if they are

comparable to a Washington offense. RCW 9.94A.525(3). We use a two-part test to

compare an out-of-state conviction with a Washington offense. *In re Pers. Restraint of

Canha*, 189 Wn.2d 359, 367, 402 P.3d 266 (2017). "First, the court analyzes legal

comparability by comparing the elements of the out-of-state offense to the most

comparable Washington offense." *Id.* If the elements of a foreign conviction are broader

than the elements of the Washington crime, they are not legally comparable. *In re Pers.

Restraint of Lavery*, 154 Wn.2d 249, 258, 111 P.3d 837 (2005).

"Second, if the offenses are not legally comparable, the court analyzes factual

comparability." *Canha*, 189 Wn.2d at 367. A trial court should determine factual

comparability only if the offenses are not legally comparable. *State v. Zimmerman*, 34

Wn. App. 2d 81, 90, 566 P.3d 855, *review denied*, 5 Wn.3d 1003, 574 P.3d 572 (2025).

"Offenses are factually comparable when the defendant's conduct would have violated a Washington [criminal] statute." *Canha*, 189 Wn.2d at 367. The trial court "may rely only on facts that were admitted, stipulated, or proved to the fact finder beyond a reasonable doubt." *Id.* Other facts or allegations in the record that are not directly related to the elements of the charged crime may not have been sufficiently proved at trial. *Id.* at 368. When a foreign statute is broader than Washington's, a factual comparability examination may not be possible because the accused might not have had an incentive to prove they did not commit the narrower offense. *Lavery*, 154 Wn.2d at 257.

Merritt argues he is entitled to resentencing because the trial court erred when it included a California conviction and an Illinois conviction in his offender score. The State concedes that Merritt's California taking a vehicle conviction was improperly included but contends we should affirm because the trial court erred by not including Merritt's California buying or receiving a stolen vehicle conviction. We address each argument in turn.

### B. California taking a vehicle conviction

#### 1. Legal comparability

During Merritt's first sentencing, the trial court found that the California Vehicle Code § 10851 charge was legally comparable to Washington's taking a motor vehicle

without permission in the second degree.  In *Merritt*, we held that Merritt's California

unlawful taking a vehicle conviction was not legally comparable to Washington's taking

a motor vehicle without permission in the second degree because Washington statutes

define "motor vehicle" more narrowly than the California statutes define "vehicle."[1]

No. 38763-1-III, slip op. at 16.

Generally, once an appellate court has made a ruling, its decision must be

followed in all subsequent stages of the same litigation.  *State v. Schwab*, 163 Wn.2d 664,

672, 185 P.3d 1151 (2008).  RAP 2.5(c)(2) allows us to review a prior decision if the case

comes back on remand if a party requests us to review it.  But neither party has done so

here.  We therefore refrain from further analysis and turn to the factual comparability

analysis.

2. <u>Factual comparability</u>

Merritt argues the trial court erred in finding that his California unlawful taking a

vehicle conviction was factually comparable to Washington's taking a motor vehicle

---

[1] Under California Vehicle Code § 670, a "vehicle" is "a device by which any person or property may be propelled, moved, or drawn upon a highway, excepting a device moved exclusively by human power or used exclusively upon stationary rails or tracks."  RCW 46.04.320(1) defines a "motor vehicle" as "a vehicle that is self-propelled or a vehicle that is propelled by electric power obtained from overhead trolley wires but not operated upon rails."

without permission in the second degree. The State concedes. We accept the State's concession.

Merritt entered a no-contest plea to the California Vehicle Code § 10851 charge. The information stated that Merritt "did willfully and unlawfully drive or take a certain vehicle, . . . without the consent of and with intent to deprive the said owner of title to or possession of said vehicle." CP at 245. "Under California law, the 'legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes.'" *State v. Olsen*, 180 Wn.2d 468, 478, 325 P.3d 187 (2014) (internal quotation marks omitted) (quoting *People v. Wallace*, 33 Cal. 4th 738, 749, 93 P.3d 1037, 16 Cal. Rptr. 3d 96 (2004)). In California, "'[a] guilty plea admits every element of the crime charged.'" *Id.* (internal quotation marks omitted) (quoting *Wallace*, 33 Cal. 4th at 749). Furthermore, "even where the statutory elements are in the disjunctive, if the charging document presents them in the conjunctive, a guilty plea admits each of the elements." *Id.* at 479 (citing *People v. Tuggle*, 232 Cal. App. 3d 147, 154-55, 283 Cal. Rptr. 422 (1991), *overruled on other grounds by People v. Jenkins*, 10 Cal. 4th 234, 893 P.2d 1224, 40 Cal. Rptr. 2d 903 (1995)).

At the resentencing hearing, the trial court believed that we directed it to consider the affidavit of probable cause the State submitted with the charging information.

However, we only instructed the court to consider facts Merritt had admitted to, stipulated to, or proved to a fact finder. *Merritt*, No. 38763-1-III, slip op. at 17. Regardless, the trial court found the California conviction was factually comparable. The trial court based this on the facts alleged that stated Merritt was seen driving a stolen vehicle and the vehicle had a shaved key in the ignition when officers searched it.

As mentioned above, to determine factual comparability, the trial court "may rely only on facts that were admitted, stipulated, or proved to the fact finder beyond a reasonable doubt." *Canha*, 189 Wn.2d at 367. The only evidence in the record that Merritt entered a no-contest plea is taken from a certified docket sheet. Therefore, the no-contest plea to the unlawful taking a vehicle charge shows only that Merritt did no more than admit the elements of the charged crime. The information charges Merritt with unlawfully taking a "vehicle," which, under California's definition, is broader than Washington's "motor vehicle" definition. The California prosecution did not prove the facts in the affidavit beyond a reasonable doubt to a fact finder. While a no-contest guilty plea may contain a stipulation to the facts found in police reports,[2] we see no such stipulation in our record. Therefore, the factual comparability analysis suffers the same infirmity as the legal comparability analysis.

---

[2] *See Wallace*, 33 Cal. 4th at 749-50.

C. *Illinois burglary conviction*

Merritt argues the State did not prove that the Illinois conviction for burglary is comparable. The State concedes the Illinois burglary statute is not legally comparable but argues it is factually comparable. We agree with Merritt.

1. Legal comparability

During resentencing, the trial court found that the Illinois burglary statute was potentially legally comparable before concluding the Illinois conviction was factually comparable.

In Illinois, a "person commits burglary when without authority he or she *knowingly* enters or without authority remains within a *building, housetrailer, watercraft, aircraft, motor vehicle, railroad car*, or any part thereof, with intent to commit therein a felony or theft." 720 ILL. COMP. STAT. 5/19-1(a) (2017) (emphasis added).

In Washington, a person is guilty of burglary in the second degree "if, with intent to commit a crime *against a person or property* therein, he or she enters or remains unlawfully in a building *other than a vehicle or a dwelling*." RCW 9A.52.030(1) (emphasis added).

The statutes are not legally comparable because one could violate the Illinois statute without violating Washington's. In Illinois, one could be convicted for entering a

building, housetrailer, watercraft, aircraft, motor vehicle, or a railroad car. In Washington, one can be convicted only for entering a building. We note that it is essential to complete this step before we consider whether the Illinois conviction is factually comparable. *Zimmerman*, 34 Wn. App. 2d at 90. We accept the State's concession and turn to the second step.

2. Factual comparability

Merritt pleaded guilty to the Illinois burglary charge. In Illinois, a guilty plea is a "knowing admission of guilt of the criminal acts charged and all the material facts alleged in the charging instrument." *People v. Rhoades*, 323 Ill. App. 3d 644, 651, 753 N.E.2d 537, 257 Ill. Dec. 342 (2001). The charging instrument alleged that Merritt "knowingly and without authority entered a building of Danville Gardens, . . . with the intent to commit therein a theft." CP at 277. While at first glance the elements Merritt pleaded guilty to appear factually comparable to Washington's burglary statute, in Illinois, entry is unlawful if a person intends to commit a crime *when they enter*. *People v. Johnson*, 2019 IL 123318, ¶¶ 8, 16, 160 N.E.3d 31, 442 Ill. Dec. 458. In Washington, entry is unlawful only if the offender is not "licensed, invited, or otherwise privileged to so enter or remain." RCW 9A.52.010(2). Therefore, a defendant in Illinois can unlawfully enter an open retail store if they intend to commit a theft whereas the same is not true in

14

Washington. Unlike in Illinois, intent to commit a theft when entering a building open to the public does not make entry unlawful in Washington. *State v. Miller*, 90 Wn. App. 720, 725, 954 P.2d 925 (1998).

Merritt's guilty plea admitted only to the elements of an Illinois burglary, and the information does not specify whether the building was open. Merritt did not otherwise admit or stipulate to the facts in the probable cause report. Nor is there evidence the Illinois prosecution proved the facts to a fact finder beyond a reasonable doubt. We conclude that the Illinois burglary conviction is not factually comparable to Washington's burglary statute.

### D. *California buying or receiving a stolen vehicle conviction*

The State asks us to review the trial court's decision to not include Merritt's California buying or receiving a stolen vehicle conviction in his offender score calculation. Merritt opposes the State's request.

Merritt first argues that the State did not file a cross appeal, and it is now asking for affirmative relief. We may grant a respondent affirmative relief only if they file a notice of appeal or the necessities of the case demand it. *State v. Sims*, 171 Wn.2d 436, 443, 256 P.3d 285 (2011); RAP 2.4(a). "Affirmative relief 'normally mean[s] a change in the final result at trial.'" *Sims*, 171 Wn.2d at 442 (alteration in original) (quoting

2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.4 author's

cmt. 3, at 174 (6th ed. 2004)).  Here, the resentencing court determined that Merritt's new

offender score was 2, and the State raises this argument as a means for our concluding

that the trial court did not err in its offender score determination.  In addition, RAP 2.4(a)

permits our review of the State's argument "if demanded by the necessities of the case."

Here, a final decision on the comparability of Merritt's California buying or receiving

conviction is necessary to minimize the risk of subsequent appeals.[3]

During resentencing, the trial court found the California conviction for buying or

receiving a stolen vehicle was not legally or factually comparable to Washington's

possession of a stolen vehicle.  Merritt argues that if we reach the merits, the State did not

prove either legal or factual comparability.  The State concedes the two are not legally

comparable but argues they are factually comparable.  We agree that the two are factually

comparable.

---

[3] Under RAP 2.4(a), we reject Merritt's second argument that the State invited the
trial court's erroneous conclusion that his California buying or receiving offense was not
comparable to a Washington offense.  Although the State did invite this error, on a
second remand, the State will surely argue the comparability of this offense.  Because the
factual record on this issue is fully developed, it is proper and necessary to render a final
determination of this question of law.

1. Legal comparability

In Washington a "person is guilty of possession of a stolen vehicle if he or she possess [possesses] a stolen motor vehicle." RCW 9A.56.068(1) (alteration in original). A person possesses stolen property if they knowingly "receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen and to withhold or appropriate the same to the use of any person other than the true owner or person entitled thereto." RCW 9A.56.140(1).

In California, a person can be convicted of a misdemeanor buying or receiving a stolen vehicle charge if they buy or receive

> any motor vehicle, as defined in Section 415 of the Vehicle Code, any trailer, as defined in Section 630 of the Vehicle Code, any special construction equipment, as defined in Section 565 of the Vehicle Code, or any vessel, as defined in Section 21 of the Harbors and Navigation Code, that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any motor vehicle, trailer, special construction equipment, or vessel from the owner, knowing the property to be so stolen or obtained.

CAL. PENAL CODE § 496d(a).

When comparing the two, a person could be convicted under California Penal Code § 496d(a) for buying or receiving a stolen trailer, construction equipment, or vessel. Under RCW 9A.56.068(1), one can be convicted only if they possess a stolen motor

17

vehicle. The California conviction is broader than Washington's comparable statute and is therefore not legally comparable. The State's concession is proper.

2. Factual comparability

Merritt entered a no-contest plea to the California misdemeanor charge of buying or receiving a stolen vehicle. In his reply brief, Merritt argues the State failed to prove its burden because the State cited no authority showing that a no-contest plea to a misdemeanor, as opposed to a felony, has the same legal effect as a guilty plea and admits every element of the crime charged under California law.

In its response brief, before Merritt's reply, the State cited *Olsen*, 180 Wn.2d at 478, and argued generally that the "legal effect of a nolo contendere plea is the same as a guilty plea."[4] In *Olsen*, we noted that "[u]nder California law, the 'legal effect of such a plea, to a crime punishable as a felony, shall be the same as that of a plea of guilty for all purposes.'" 180 Wn.2d at 478 (internal quotation marks omitted) (quoting *Wallace*, 33 Cal. 4th at 749).

*Wallace* was quoting California Penal Code § 1016, which states in relevant part:

---

[4] Resp't's Br. at 21.

There are six kinds of pleas to an indictment or an information, or to a complaint charging a misdemeanor or infraction:

. . . .

3. Nolo contendere, subject to the approval of the court. The court shall ascertain whether the defendant completely understands that a plea of nolo contendere shall be considered the same as a plea of guilty and that, upon a plea of nolo contendere, the court shall find the defendant guilty. The legal effect of such a plea, *to a crime punishable as a felony*, shall be the same as that of a plea of guilty for all purposes. *In cases other than those punishable as felonies*, the plea and any admissions required by the court during any inquiry it makes as to the voluntariness of, and factual basis for, *the plea may not be used against the defendant as an admission in any civil suit* based upon or growing out of the act upon which the criminal prosecution is based.

(Emphasis added.)

The California appellate court explained that "the 1963 amendment to Penal Code § 1016 allowing a plea of nolo contendere in criminal actions 'was the result of a policy decision to provide for a criminal conviction and to avoid its later use in civil matters. The nolo plea expedited the resolution of criminal cases involving civil liability by removing the threat of collateral estoppel after a plea of not guilty or a judicial admission after a plea of guilty. The Legislature did not provide for a similar exclusion of the collateral use of a conviction based on a plea of nolo contendere in criminal actions.'" *People v. Rauen*, 201 Cal. App. 4th 421, 425, 133 Cal. Rptr. 3d 732 (2011) (quoting *People v. Chagolla*, 151 Cal. App. 3d 1045, 1048-49, 199 Cal. Rptr. 181 (1984)).

19

In *Rauen*, the court construed California Penal Code § 1016 as allowing a no-contest plea to misdemeanors to establish the fact of the underlying criminal conduct. 201 Cal. App. 4th at 424-26. Therefore, it appears that a no-contest plea to a California misdemeanor has the same legal effect as a guilty plea to a felony in subsequent criminal matters. That is, the only limitation on such pleas is they may not be used to establish civil liability.

Merritt entered a no-contest plea to the above charge. In so doing, he admitted the elements of the crime. *Olsen*, 180 Wn.2d at 478. The information charged Merritt with "willfully and unlawfully buy[ing] or receiv[ing] a motor vehicle, . . . which had been stolen or obtained in any manner constituting theft or extortion, knowing that property to be stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling or withholding said vehicle, knowing the property to be stolen, in violation of penal code section 496D(A) [sic], a misdemeanor." CP at 261-62 (capitalization omitted).

In California, a "motor vehicle" is a "vehicle that is self-propelled." CAL. VEH. CODE § 415(a). Although California Penal Code § 496d(a) does not specifically direct a reader to consider the California vehicle code definition of "vehicle" included within the same chapter, common sense directs one to stay within the chapter and define both terms. *See People v. Varela*, 193 Cal. App. 4th 1216, 1219, 122 Cal. Rptr. 3d 829 (2011)

(considering the definitions of both "motor vehicle" and "vehicle"). The California

vehicle code further defines a "vehicle" as a "device by which any person or property

may be propelled, moved, or drawn upon a highway, excepting a device moved

exclusively by human power or used exclusively upon stationary rails or tracks." CAL.

VEH. CODE § 670. Therefore, in California, a "motor vehicle" is a self-propelled device

that can move or propel people or property on a highway.

As mentioned above, Washington defines, a "motor vehicle" as "a vehicle that is

self-propelled or a vehicle that is propelled by electric power obtained from overhead

trolley wires but not operated upon rails." RCW 46.04.320(1). Washington further

defines "vehicle" as a "device capable of being moved upon a public highway and in,

upon, or by which any persons or property is or may be transported or drawn upon a

public highway." RCW 46.04.670(1). Therefore, a motor vehicle is a self-propelled

device capable of moving and transporting people or property on a public highway. *State*

*v. Van Wolvelaere*, 195 Wn.2d 597, 601, 461 P.3d 1173 (2020).

California's charging language corresponding with Merritt's subsequent no-

contest plea establishes that Merritt would have knowingly committed the crime of

possessing a stolen motor vehicle under RCW 9A.56.068(1) since both Washington's

21

knowing intent requirement and other essential elements are satisfied by California's

charging language. The two are therefore factually comparable.

Merritt argues California's definition of "motor vehicle" is broader than

Washington's because it is not limited to devices that are capable of moving and

transporting people or property on a public highway. However, his argument ignores the

California Vehicle Code § 670's definition of "vehicle," which includes devices that may

be "propelled, moved, or drawn upon a highway."

CONCLUSION

We reverse the resentencing court's conclusions that Merritt's California taking

vehicle conviction and Merritt's Illinois burglary conviction are comparable to

Washington offenses. We also reverse the trial court's conclusion that Merritt's

California buying or receiving a stolen vehicle conviction is not comparable to a

Washington offense. Although our conclusions would produce an offender score of 1 for

Merritt, at a second resentencing, the parties must be given the opportunity to present all

relevant evidence of criminal history, including criminal history not previously presented.

No. 40921-0-III
*State v. Merritt*

Remand for second resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Staab, C.J.                                        Cooney, J.

23